**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANNY LEE WARNER, JR.,** | ) | **CASE NO. 1: 24 CV 1113** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **WARDEN HAROLD MAY,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Danny Lee Warner, Jr., has filed a Petition under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus*. (Doc. Doc. 1)

A district court must examine a *habeas corpus* petition to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

Upon review, the Court finds that the Petition must be dismissed.

The statute that authorizes district courts to entertain state prisoners' habeas petitions expressly limits their jurisdiction to petitions filed by persons "in custody pursuant to the judgment of a State court." *In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018), citing 28 U.S.C. § 2254(a). Thus, a district court may consider a prisoner's petition only if he files it while "in custody" under the

conviction or sentence under attack. *Id.*, citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Here, although Petitioner indicates he is presently confined in the Mansfield Correctional Institution as the result of being "transferred to Ohio under the Interstate Corrections Compact," *see* Doc. No 1 at 2, it is apparent on the face of his Petition and its exhibits that the judgment of conviction he seeks to challenge is a judgment of conviction of a Montana State Court. *See State v. Warner*, 2020 MT 93N, ¶ 2 (Mont., 2020) (affirming Petitioner's Montana conviction of robbery and use of a weapon during the commission of the robbery). Nothing in his Petition indicates he challenges a judgment of conviction of an Ohio Court.

Accordingly, in that it apparent that Petitioner is not "in custody" pursuant to the judgment of conviction he seeks to challenge, this Court lacks jurisdiction over his Petition. *See In re Lee*, 880 F.3d. 242.

## Conclusion

For the foregoing reasons, Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) in this matter is granted, and his Petition is dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealabilty. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE